UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL NO: |
| | : | 2:85CR00050 (AVC) |
| v. | : | |
| | : | |
| | : | |
| AVELINO GONZALEZ-CLAUDIO | : | March 11, 2008 |

## MOTION FOR APPOINTMENT OF COUNSEL

Pursuant to the Criminal Justice Act, 18 U.S.C. §§ 3006A, *et seq.*, and this District's Criminal Justice Act ("CJA") Plan, defendant Avelino Gonzalez-Claudio moves the Court to appoint Attorney James W. Bergenn, Federal Bar No. ct 00006, to represent him in the above-captioned matter. In support of this motion, the undersigned respectfully represents as follows:

    1.    On March 21, 1986, a grand jury in the United States District Court for the District of Connecticut rendered a seventeen-count indictment against Avelino Gonzalez Claudio and eighteen other defendants for violations to 18 U.S.C. §§2113(a) and 2 (robbery of federally insured bank funds), 18 U.S.C. §§2113(d) and 2 (aggravated robbery of federally insured bank funds), 18 U.S.C. §§659 and 2 (theft from interstate shipment), 18 U.S.C. §§2314 and 2 (interstate and foreign transportation of stolen money), 18 U.S.C. §1951 (conspiracy to interfere with commerce by robbery), and 18 U.S.C. §371 (conspiracy to rob federally insured bank funds, to commit a theft from interstate shipment, and to transport stolen money in interstate and foreign commerce) ("Indictment").

    2.    On March 21, 1986 the United States District Court, District of Connecticut issued a warrant for the arrest of Mr. Gonzalez-Claudio on the basis of the Indictment ("Arrest Warrant"). However, Mr. Gonzalez-Claudio was not arrested until 2008.

3. One of the other defendants named in the Indictment, Carlos Ayes Suarez, was represented at trial by Attorney Bergenn. Mr. Suarez was acquitted.

4. On February 7, 2008, the Arrest Warrant was executed and Mr. Gonzalez-Claudio was presented before the United States District Court, District of Puerto Rico, and ordered detained. Attorney Juan R. Acevedo-Cruz appeared on behalf of Mr. Gonzalez-Claudio ("Puerto Rico Counsel").

5. On February 11, 2008, the District Court in Puerto Rico ordered Mr. Gonzalez-Claudio detained without bail and ordered him to be removed to the District of Connecticut.

6. On February 28, 2008, Mr. Gonzalez-Claudio was arraigned in the United States District Court, District of Connecticut, before The Honorable Thomas P. Smith, who set a detention hearing for March 4, 2008.

7. At arraignment, Attorney Deirdre A. Murray of the Federal Public Defender's Office entered an appearance on behalf of Mr. Gonzalez-Claudio.

8. Following arraignment, Puerto Rico Counsel and Attorney Bergenn communicated regarding representation of Mr. Gonzalez-Claudio. At the request of Puerto Rico Counsel, Attorney Bergenn visited Mr. Gonzalez-Claudio who indicated that he wanted to be represented by Attorney Bergenn.

9. On March 4, 2008, Mr. Gonzalez-Claudio indicated to Attorney Murray that he wanted to terminate the representation of him by the Federal Public Defender's Office.

10. At the request of the Defendant, the detention hearing was postponed.

11. On March 10, 2008, in compliance with the Rules of Professional Responsibility, Attorney Bergenn obtained from each of Mr. Gonzalez-Claudio and Mr. Suarez appropriate

consents and/or waivers related to Attorney Bergenn's prior representation of Mr. Suarez and potential representation of Mr. Gonzalez-Claudio.

12. Attorney Bergenn, Attorney Morgan Rueckert, and Attorney Moira Buckley, all CJA Panel attorneys, have each indicated a willingness to appear on behalf of the Defendant in this matter and participate in the defense of Mr. Gonzalez-Claudio.

13. Given that the original trial lasted nearly six months and the underlying events allegedly occurred over 20 years ago, Attorney Bergenn's familiarity with the evidence and issues would advance the interests of judicial efficiency were Attorney Bergenn to be appointed.

14. Further, both Puerto Rico Counsel and Mr. Gonzalez-Claudio have requested that Attorney Bergenn take on the engagement. In light of the fact that Attorney Bergenn is available and willing to take on the representation pursuant to CJA, appointment is appropriate under the circumstance.

15. Mr. Bergenn's appearance would be in lieu of Attorney Murray's.

WHEREFORE, Defendant respectfully requests that Attorney Bergenn be appointed to represent him in the above captioned matter, together with such other and further relief as the Court deems just and proper.

          DEFENDANT,
AVELINO GONZALEZ-CLAUDIO

By /s/
Morgan P. Rueckert, Esq.
Federal Bar No. ct 19838
James W. Bergenn Esq.
Federal Bar No. ct 00006
Moira L. Buckley, Esq.
Federal Bar No. ct18803
Shipman & Goodwin LLP
One Constitution Plaza
Hartford, CT 06103
Tel: (860) 251-5000
Fax: (860) 251-5219
MRueckert@goodwin.com
His Attorneys

CERTIFICATION OF SERVICE

      I hereby certify that a copy of the foregoing was mailed, via U.S. Mail, postage prepaid, on this 11th day of March, 2008, to:

Henry K. Kopel, Esq.
Office of the United States Attorney
157 Church Street, 23rd Floor
New Haven, CT 06510

Deirdre A. Murray, Esq.
Assistant Federal Defender
Office of the Federal Defender
10 Columbus Boulevard, Floor 6
Hartford, CT 06106-1976

_____
Morgan P. Rueckert

500633