C

Case 2:85-cr-00050-AVC   Document 79-4   Filed 05/06/2008   Page 1 of 4

U.S. v. Banks
Slip Copy, 2007 WL 1520109 (D.Colo.)
Only the Westlaw citation is currently available.

United States District Court,D. Colorado.
UNITED STATES of America, Plaintiff,
v.
1. Cameo BANKS, a/k/a/ "Gig Gulp," a/k/a/ "BG," 2. April Burke, 3. Donae Butler, 4. Latha Grant, 5. Derrick Jeremy Griffie, Jr., a/k/a "Stress" 6. Ulises Gutierrez-Nunez, 7. Jose Hernandez, a/k/a "Sake," 8. Benjamin Joseph, a/k/a "Uncle Ben," 9. Baylin Kyle, a/k/a "Clacc," 10. Charles Littlejohn, a/k/a "Scooter," 11. Skyla Littlejohn, 12. Miesha Man, 13. Adriana Mendoza-Castellanos, 14. Sean O'Hare, a/k/a "Rain," a/k/a "Otto,", Defendants.
**Criminal Case No. 07-cr-00183-REB.**

May 21, 2007.

Gregory Hayze Rhodes, Kathleen Melissa Tafoya, U.S. Attorney's Office, Denver, CO, for Plaintiff.

**ORDER GRANTING UNOPPOSED MOTION FOR COMPLEXITY FINDING AND MOTION FOR ENDS OF JUSTICE CONTINUANCE AND EXCLUDABLE TIME ON GROUNDS OF COMPLEXITY PURSUANT TO TITLE 18 U.S.C. § 3161(h)(8)(B)(ii)**

BLACKBURN, J.
*1 The matter before me is the government's **Unopposed Motion for Complexity Finding and Motion for an Ends of Justice Continuance and Excludable Time on Grounds of Complexity Pursuant to Title 18 U.S.C. § 3161(h)(8)(B)(ii)** [# 122], filed May 16, 2006. The motion is unopposed, well-taken, and granted.

The motion implicates the Speedy Trial Act of 1974, codified at 18 U.S.C. §§ 3161-3174, specifically, section 3161(h)(8)(A) and (B)(ii) which provide, in relevant part:

The following periods of delay shall be excluded ... in computing the time within which the trial of any such offense must commence:

....

(8)(A) Any period of delay resulting from a continuance granted by any judge ... at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

(8)(B)(ii) ... the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution ... that it is unreasonable to expect adequate preparation for pretrial proceedings or the trial itself within the time limits established [by § 3161].

18 U.S.C. § 3161(h)(8)(A) and (B)(ii).

The Speedy Trial Act is "designed to protect a defendant's constitutional right to a speedy indictment and trial, and to serve the public interest in ensuring prompt criminal proceedings." *United States v. Hill,* 197 F.3d 436, 440 (10th Cir.1999). It requires that a criminal defendant's trial commence within 70 days after his indictment or initial appearance, whichever is later. See 18 U.S.C. § 3161(c)(1); *United States v. Lugo,* 170 F.3d 996, 10001 (10th Cir.1999). Certain periods of delay are excluded and do not count toward the 70-day limit. See 18 U.S.C. § 3161(h)(1)-(9). Specifically, "the Act excludes any period of delay 'resulting from a continuance granted by any judge ... on the basis of its findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.' " *Hill,* 197 F.3d at 440-441 (10th Cir.1999) (quoting 18 U.S.C. § 3161(h)(8)(A)).

In order for a continuance to qualify as an excludable "ends-of-justice" continuance under section 3161(h)(8)(A), certain prerequisites must be satisfied. *Id.* at 441.First, I must consider the following factors listed in section

3161(h)(8)(B):

(i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice;

(ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by [the Act];

*2 (iii) Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b), or because the facts upon which the grand jury must base its determination are unusual or complex;

(iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(8)(B)(i)-(iv). After considering these factors, I must then set forth, "in the record of the case, either orally or in writing, [my] reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial."*Id* ., § 3161(h)(8)(A). Although my findings " 'may be entered on the record after the fact, they may not be made after the fact.' " *Hill, 197 F.3d at 441* (quoting *United States v. Doran,* 882 F.2d 1511, 1516 (10th Cir.1989)). "Instead, '[t]he balancing must occur contemporaneously with the granting of the continuance because Congress intended that the decision to grant an ends-of-justice continuance be prospective, not retroactive [.]' " *Id.*(quoting *Doran,* 882 F.2d at 1516).

The allegations of fact set forth by the government in its motion are unopposed as a matter of fact by all defendants.[FN1]Thus, those foundational and predicate facts are deemed established. This case, which includes 14 defendants, is one of sixteen interrelated but separately filed cases. The grand jury that returned the indictments heard testimony over a period of six months, and the government estimates that the grand jury transcript alone will run to some 1,300 pages. In addition, the other pretrial discovery in the case is exceptionally voluminous. The documentary evidence alone includes wiretap and other electronic interception records, many of which remain to be translated into English, gathered from approximately fifty individual telephones over a period of eleven months, as well as numerous surveillance and photographic files, warrants, orders, and authorizations. The physical evidence comprises firearms, currency, narcotics, and documents seized during the execution of more than forty search warrants. The government anticipates that all non-electronic discovery can be scanned and made available to defense counsel by June 1, 2007, after which it is reasonably foreseeable that defense counsel will require no less than sixty days to review the materials before they can determine how much additional time will be necessary to draft and file appropriate pretrial motions and handle other pretrial matters.

> FN1. During the status conference on May 18, 2007, I specifically queried whether any defendant was opposed to the relief sought by the government pursuant to this motion. I asked also whether any defendant requested an opportunity to respond to this motion. No defendant lodged any such objection or requested any such opportunity. It should be noted further that my use of the term, "all defendants," does not include defendant no. 7, Jose Hernandez, because he is not yet before the court.

*3 Based on these agreed facts, I find that the case is so complex due to the number of defendants, the nature of the prosecution, and the amount of discovery, and that it would be unreasonable to expect adequate preparation by either the government or defendants for pretrial or trial proceedings within the time initially allowed under 18 U.S.C. § 3161(c). I have considered the factors which I must under 18 U.S.C. § 3161(h)(8)(B)(i)-(iv). As required by 18 U.S .C. § 3161(h)(8)(C), I have not predicated my ruling on congestion of the court's calendar or lack of diligent preparation by counsel. Accordingly, I conclude as follows:

(1) That failure to grant a continuance of trial beyond the time initially prescribed by 18 U.S.C. § 3161(c) would

likely result in a miscarriage of justice within the meaning of 18 U.S.C. § 3161(h)(8)(B)(I);

(2) That the case is complex within the meaning of 18 U.S.C. § 3161(h)(8)(B)(ii);

(3) That even considering due diligence, failure to grant the motion would deny counsel for both the government and defendants the reasonable time necessary for effective pretrial and trial preparation within the meaning of 18 U.S.C. § 3161(h)(8)(B)(iv);

(4) That, therefore, the ends of justice served by granting the motion outweigh the best interests of the public and all defendants in a speedy trial within the meaning of 18 U.S.C. § 3161(h)(8)(A); and

(5) That the government's unopposed motion to declare this case complex should be granted.

**THEREFORE, IT IS ORDERED** as follows:

1. That the government's **Unopposed Motion for Complexity Finding and Motion for an Ends of Justice Continuance and Excludable Time on Grounds of Complexity Pursuant to** Title 18 U.S.C. § 3161(h)(8)(B)(ii) [# 122], filed May 16, 2006, is **GRANTED**;

2. That the deadlines established by the Speedy Trial Act are **CONTINUED** without date;

3. That counsel shall meet and confer and **SHALL FILE** a proposed joint or one or more proposed individual scheduling orders by no later than close of business on **August 1, 2007**; and

4. That the court shall conduct a further status conference on **August 17, 2007** at **2:30 p.m.**, at which all parties and their counsel shall appear, unless otherwise excused by the court, without further notice or order of this court.

D.Colo.,2007.
U.S. v. Banks
Slip Copy, 2007 WL 1520109 (D.Colo.)

END OF DOCUMENT