```
                 UNITED STATES DISTRICT COURT
                   DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA    :
                            :
v.                          :       2:85CR0050(AVC)
                            :
AVELINO GONZALEZ CLAUDIO    :
```

## RULING ON THE GOVERNMENT'S MOTION FOR DESIGNATION AS A COMPLEX CASE WARRANTING EXCLUDABLE TIME UNDER THE SPEEDY TRIAL ACT

The United States moves (document no. 75) for entry of an order "finding that this case is so unusual or so complex . . . that excludable time is warranted under the Speedy Trial Act."

The issues presented are: 1) whether this is a complex case under the speedy trial statute, and if so, whether the requested continuance and exclusion of eighteen months is reasonably related to the needs of this case; and 2) whether continued detention of the defendant during the period of any continuance granted constitutes a due process violation.  For the reasons stated below, the motion is GRANTED in part and DENIED in part.

## BACKGROUND

On March 21, 1986, the defendant, Avelino Gonzalez Claudio, and eighteen other defendants were charged in a 17-count superseding indictment in connection with their alleged participation in the robbery of the Wells Fargo depot in West Hartford, Connecticut on September 12, 1983.  The defendant is

named in 15 of the 17 counts of the indictment.  On March 21, 1986, the court issued a bench warrant for the arrest of the defendant.  On February 7, 2008, the defendant was arrested.  On February 28, 2008, the defendant was arraigned before Magistrate Judge Thomas P. Smith.

On February 28, 2008, the court issued a scheduling order, setting jury selection for May 1, 2008.  On April 15, 2008, the government filed the within motion (document no. 75), requesting designation as a complex case warranting a continuance and exclusion of time under the speedy trial statute.

## DISCUSSION

**A.   Complex Case Designation**

The United States argues that this "case warrants designation as an unusual or complex case under . . . the Speedy Trial Act."  Specifically, the government argues that the designation is warranted because of "(1) the complexity of the indictment and anticipated trial; (2) the extraordinary scope of investigative material from which the discovery and any trial evidence must be selected; and (3) the consequences of the 22 years of the defendant's knowing and willful fugitivity upon preparations for pretrial proceedings and trial."  The government argues that the defendant is named in 15 counts, that the acts

2

alleged took place over a two year period, that hundreds of boxes of evidence must be examined-including some evidence only recently obtained, that many documents are in Spanish and may require translation, that the preparation of two prior trials of co-defendants required locating approximately 200 witnesses, and that the 22 year delay caused by the defendant's fugitive status has resulted in the attrition of FBI agents and prosecutors familiar with the evidence and legal issues presented in this case.  The government requests "a period of 18 months of excludable time between the date of a ruling on this motion and a scheduled trial date."

    The defendant argues that "this case is not so 'unusual or complex' as to justify an additional 18 months of delay in addition to the two month delay that has already passed." Specifically, the "Defendant does not dispute the Government's contentions that he was one of 19 individuals charged in the 17 count, 67 page superseding indictment that was returned 22 years ago; or that the defendant is named in 15 of the 17 counts.  The Defendant does, however, contest the Government's assertion that these factors make the case complex."  Further, the defendant does not deny the other factors advanced by the government, but argues that "[t]he Government's argument in this regard is

undermined by two important facts.  First, the Government has conducted two trials related to the . . . referenced evidence . . . .  Second, the Government has had 22 years to prepare for the potential prosecution of [the defendant]."  The defendant argues, therefore, that "it cannot be said that the Government has diligently prepared for this trail."    "The Speedy Trial Act provides, *inter alia,* that the district court may grant a continuance on the request of either side or on its own motion, and that the resulting delay may be excluded from the 70-day computation if the court (1) finds 'that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial,' and (2) sets forth its reasons for that finding on the record."  United States v. Beech-Nut Nutrition Corp., 871 F.2d 1181, 1197 (2d Cir. 1989) (quoting 18 U.S.C. § 3161(h)(8)(A)).  Among the factors to be considered in determining whether such a continuance is warranted is "whether the case is so unusual or complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by [the statute]."  18 U.S.C. §

3161(h)(8)(B)(ii).  "The length of an exclusion for complexity must be not only limited in time, but also reasonably related to the actual needs of the case."  United States v. Gambino, 59 F.3d 353, 358 (2d Cir. 1995).  Further, "[n]o continuance under . . . this paragraph shall be granted because of . . . lack of diligent preparation . . . on the part of the attorney for the Government."  18 U.S.C. § 3161(h)(8)(C).

The court finds that the ends of justice served by granting a continuance outweigh the best interest of the public and the defendant in a speedy trial.  See 18 U.S.C. § 3161(h)(8). Specifically, based upon the representations of the United States, the court concludes that this is a complex case within the meaning of the Speedy Trial Act, 18 U.S.C. § 3161(h)(8)(B)(ii).  In particular, the quantity of evidence, the need for translations, the recent seizure of additional evidence, the need to locate witnesses, and the attrition from the Connecticut U.S. Attorney's office of all prosecutors who had prior direct familiarity with the evidence and legal issues presented in this case, as represented in the government's memorandum accompanying the within motion and not disputed by the defendant, all militate in favor of the court's finding that this is a complex case within the meaning of the statute.

However, based upon the fact that the government has prepared for two prior trials in this case, and the fact that the government has had 22 years to prepare for the trial of this defendant, the court concludes that the 18 month exclusion requested by the government would not be reasonably related to the actual needs of this case.  Rather, the court concludes, based upon the information currently available, that a continuance of one hundred eighty (180) days is warranted.

**B.   Due Process**

The government argues that the requested continuance does not violate the defendant's due process rights.

The defendant argues that "allowing an 18 month continuance before trial while the defendant remains incarcerated, constitutes a due process violation."

The court must weigh three factors in determining whether the length of pretrial detention violates the defendant's due process rights: "(i) the length of detention; (ii) the extent of the prosecution's responsibility for the delay of the trial; and (iii) the strength of the evidence upon which the detention is based."  United States v. Orena, 986 F.2d 628, 630 (2d Cir. 1993).

Upon reviewing the arguments of the parties and weighing the

factors noted above, the court concludes that a continuance of 180 days does not violate the defendant's due process rights.

## **CONCLUSION**

For the reasons stated above, the within motion (document no. 75) is GRANTED in part and DENIED in part. A period of one hundred eighty (180) days, from the date of this order, shall be excluded from the speedy trial calculation. Jury selection is continued until November 6, 2008, at 11:00 a.m.

It is so ordered this 12th day of May, 2008, at Hartford, Connecticut.

/ s /
Alfred V. Covello
United States District Judge