

U.S. Department of Justice

United States Attorney
District of Connecticut

*Connecticut Financial Center*   *(203)821-3700*
*157 Church Street*
*New Haven, Connecticut 06510*   *Fax (203) 821-3829*

February 5, 2010

James W. Bergenn, Esq.
Moira L. Buckley, Esq.
Shipman & Goodwin
One Constitution Plaza
Hartford, CT 06103-1919

Re:   **United States v. Avelino Gonzalez-Claudio**
      **Criminal No. 2:85CR50(AVC)**

Dear Counsel:

This letter confirms the plea agreement entered into between your client, Avelino Gonzalez-Claudio (the "defendant"), and the United States Attorney's Office for the District of Connecticut (the "Government") concerning the above-referenced criminal matter.

## THE PLEA AND OFFENSE

Defendant AVELINO GONZALEZ-CLAUDIO agrees to plead guilty to Counts 12 and 16 of the Superseding Indictment, which charge him with, respectively, foreign transportation of stolen money, in violation of 18 U.S.C. §§ 2314 and 2, and conspiracy to rob federally insured bank funds, to commit theft from interstate shipment, and to transport stolen money in interstate and foreign commerce, in violation of 18 U.S.C. § 371. He understands that to be guilty of these offenses the following essential elements of each offense must be satisfied:

Count 12:   Foreign transportation of stolen money.

1. That the defendant AVELINO GONZALEZ-CLAUDIO unlawfully transported or caused to be transported stolen money in foreign commerce.

2. That the money had a value of $5,000 or more.

3. That the defendant AVELINO GONZALEZ-CLAUDIO knew the money was stolen at the time it was transported in foreign commerce.

<u>Count 16</u>: Conspiracy to rob federally insured bank funds, to commit theft from interstate shipment, and to transport stolen money in interstate and foreign commerce.

1. That the defendant AVELINO GONZALEZ-CLAUDIO, together with others, entered into an unlawful agreement as charged in Count 16 of the Superseding Indictment, namely, to rob federally insured bank funds, 18 U.S.C. § 2113(a), to commit theft from interstate shipment, 18 U.S.C. § 659, and to transport stolen money in interstate and foreign commerce, 18 U.S.C. § 2314.

2. That at some time during the existence or life of the agreement, defendant AVELINO GONZALEZ-CLAUDIO knew the purpose(s) of the agreement, and, with that knowledge, then deliberately joined the agreement.

3. That at some time during the existence or life of the agreement, one of its alleged members knowingly performed one of the overt acts charged in Count 16 of the Superseding Indictment, and did so in order to further or advance the purpose of the agreement.

## **THE PENALTIES**

Count 12, which charges foreign transportation of stolen money in violation of 18 U.S.C. §§ 2314 and 2, carries a maximum penalty of ten years imprisonment and a $10,000 fine.

Count 16, which charges a conspiracy in violation of 18 U.S.C. § 371, carries a maximum penalty of five years' imprisonment and a $10,000 fine.

### Restitution

In addition to the other penalties provided by law, the Court may also order that the defendant make restitution under 18 U.S.C. § 3579.

The defendant understands that the payment of restitution may be a condition of any probation imposed by the Court and that failure to make payments may be considered a violation of the order of probation.

### Inapplicability of Alternative Fine and Supervised Release Statutes

For purposes of this plea agreement it is further agreed that the defendant's conduct occurred in or before April, 1984, and therefore that the alternative fine provisions of 18 U.S.C. § 3571 and the supervised release provision of 18 U.S.C. §3583 do not apply.

## SENTENCING STIPULATION UNDER RULE 11(c)(1)(C)

Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the Government and the defendant agree that the defendant's sentence on the crimes of conviction should include a total term of incarceration of seven (7) years, and that the defendant shall be subject to the Court's determination of the applicability of a $10,000 fine following the Court's assessment of defendant's ability to pay.

Pursuant to Rule 11(c)(5) of the Federal Rules of Criminal Procedure, if the Court rejects this plea agreement or the agreed-upon sentencing stipulation, the defendant shall be afforded the opportunity to withdraw the plea. The defendant understands that he has no right to withdraw his guilty plea as long as the Court imposes a sentence consistent with the terms of the stipulated sentence.

The parties reserve their respective rights to speak with the Probation Office, to address the Court, and to present evidence and arguments with respect to whether the defendant shall serve a term of probation after and consecutive to the sentence of incarceration. The United States stipulates and agrees that it will not request more than a five year, consecutive term of probation. The parties understand that the defendant will request that no term of probation be imposed. Should the defendant be sentenced to a term of probation, a violation of probation could also give rise to a further period of imprisonment of up to the length of the entire term of probation that was imposed.

### Sentencing Guidelines Inapplicable

For purposes of this plea agreement it is further agreed that the defendant's conduct occurred in or before April, 1984, and therefore that the Sentencing Guidelines Act of 1984 does not apply.

## STIPULATION OF OFFENSE CONDUCT

The defendant and the Government have entered into a Stipulation of Offense Conduct which is attached to and made a part of this plea agreement. The defendant understands that this Stipulation of Offense Conduct does not purport to set forth all of the relevant conduct and characteristics that may be considered by the Court for purposes of sentencing. The defendant expressly understands that this Stipulation of Offense Conduct is not binding on the Court. The defendant also understands that the Government and the United States Probation Office are obligated to advise the Court of any additional relevant facts that subsequently come to their attention.

## INFORMATION TO THE COURT

Consistent with the terms of this agreement, the Government expressly reserves its right to address the Court with respect to the appropriate sentence to be imposed in this case. Moreover, it is expressly understood that the Government will discuss the facts of this case, including information regarding the defendant's background and character, 18 U.S.C. § 3661, with the United States

Probation Office and will provide the Probation Officer with access to its file, with the exception of grand jury material.

## WAIVER OF RIGHTS

### Waiver of Trial Rights and Consequences of Plea

The defendant understands that he has the right to be represented by an attorney at every stage of the proceeding and, if necessary, one will be appointed to represent him.

The defendant understands that he has the right to plead not guilty or to persist in that plea if it has already been made, the right to a public trial, the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against him, the right not to be compelled to incriminate himself, and the right to compulsory process for the attendance of witnesses to testify in his defense. The defendant understands that by pleading guilty he waives and gives up those rights and that, if the plea of guilty is accepted by the Court, there will not be a further trial of any kind.

The defendant understands that if he pleads guilty, the Court may ask him questions about each offense to which he pleads guilty, and if he answers those questions falsely under oath, on the record, and in the presence of counsel, his answers may later be used against him in a prosecution for perjury or making false statements.

### Waiver of Statute of Limitations

The defendant understands and agrees that should the conviction following the defendant's plea of guilty pursuant to this plea agreement be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this plea agreement (including any indictment or counts the Government has agreed to dismiss at sentencing pursuant to this plea agreement) may be commenced or reinstated against the defendant, notwithstanding the expiration of the statute of limitations between the signing of this plea agreement and the commencement or reinstatement of such prosecution. The defendant agrees to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date the plea agreement is signed.

### Waiver of Right To Post-Conviction DNA Testing of Physical Evidence

The defendant understands that the Government has various items of physical evidence in its possession in connection with this case that could be subjected to DNA testing. The defendant further understands that following conviction in this case, he could file a motion with the Court to require DNA testing of physical evidence pursuant to 18 U.S.C. § 3600 and § 3600A in an attempt to prove his innocence. The defendant fully understands his right to have all the physical evidence

in this case tested for DNA, has discussed this right with his counsel, and knowingly and voluntarily waives his right to have such DNA testing performed on the physical evidence in this case. Defendant fully understands that because he is waiving this right, the physical evidence in this case will likely be destroyed or will otherwise be unavailable for DNA testing in the future.

### Waiver of Right to Move for Sentence Reduction Under Rule 35

The Defendant agrees that he will not ask the Court to reduce his sentence under Rule 35 of the Federal Rules of Criminal Procedure.

### Waiver of Right to Appeal or Collaterally Attack Sentence

The defendant acknowledges that under certain circumstances he is entitled to appeal his conviction and sentence. It is specifically agreed that the defendant will not appeal or collaterally attack in any proceeding, including but not limited to a motion under 28 U.S.C. § 2255 and/or § 2241, the conviction or sentence of imprisonment imposed by the Court if that sentence does not exceed the terms of imprisonment and fine set forth in the Sentencing Stipulation Under Rule 11(c)(1)(C), above. Similarly the Government will not appeal the sentence if it is not less than the terms of imprisonment and fine as stipulated above. The defendant expressly acknowledges that he is knowingly and intelligently waiving his appellate rights.

## ACKNOWLEDGMENT OF GUILT; VOLUNTARINESS OF PLEA

Defendant AVELINO GONZALEZ-CLAUDIO admits and stipulates to the facts as stated in this document and in the attached Stipulation of Offense Conduct. The defendant further admits that such facts constitute violations of the laws of the United States, specifically, 18 U.S.C. §§ 2314 and 2, and 18 U.S.C. § 371. The defendant, however, takes the position that the United States government has no authority to criminalize his effort to resist the colonial subjugation of his country, Puerto Rico, and his right under international law to work for the freedom and self-determination of his homeland. The defendant believes that the Court has no jurisdiction over him and that he is not a criminal. However, the defendant recognizes that under United States law he has committed "criminal acts," that under United States law he is guilty as so stated in this plea agreement, and that for the purpose of this guilty plea, the defendant does not contest the jurisdiction of this Court.

Therefore, the defendant AVELINO GONZALEZ-CLAUDIO acknowledges that he is entering into this agreement and is pleading guilty freely and voluntarily because, under the laws of the United States, he is guilty, and that he is entering this agreement and pleading guilty without reliance upon any discussions between the United States and himself and his attorney (other than any such discussions described in this letter), without promise of benefit of any kind (other than the concessions contained in this letter), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges his understanding of the nature of each offense to which he is pleading guilty, including the penalties provided by law. The defendant further acknowledges his complete satisfaction with the representation and advice received from his undersigned attorney.

The defendant and his undersigned counsel are unaware of any conflict of interest concerning counsel's representation of the defendant in the case.

The defendant expressly acknowledges that he is not a "prevailing party" within the meaning of Public Law 105-119, section 617 ("the Hyde Amendment") with respect to the count of conviction or any other count or charge that may be dismissed pursuant to this agreement. The defendant voluntarily, knowingly, and intelligently waives any rights he may have to seek reasonable attorney's fees and other litigation expenses under the Hyde Amendment.

## SCOPE OF THE AGREEMENT

The defendant acknowledges and understands that this agreement is limited to the undersigned parties and cannot bind any other federal authority, or any state or local authority, except as discussed below with respect certain potential federal charges in the District of Puerto based upon false identification and passport documents found in the search of the defendant's Puerto Rico residence on or about February 7, 2008, following his arrest. The defendant acknowledges that no representations have been made to him with respect to any civil or administrative consequences that may result from this plea of guilty because such matters are solely within the province and discretion of the specific administrative or governmental entity involved. Finally, the defendant understands and acknowledges that this agreement has been reached without regard to any civil tax matters that may be pending or which may arise involving him.

## COLLATERAL CONSEQUENCES

The defendant further understands that he will be adjudicated guilty of each offense to which he has pleaded guilty and will be deprived of certain rights, such as the right to vote, to hold public office, to serve on a jury, or to possess firearms. The defendant understands that pursuant to section 203(b) of the Justice For All Act, the Bureau of Prisons or the Probation Office will collect a DNA sample from the defendant for analysis and indexing. Finally, the defendant understands that the Government reserves the right to notify any state or federal agency by which he is licensed, or with which he does business, as well as any current or future employer of the fact of his conviction.

## SATISFACTION OF FEDERAL CRIMINAL LIABILITY; BREACH

The defendant's guilty plea, if accepted by the Court, will satisfy all federal criminal liability of the defendant in the District of Connecticut based upon the robbery of approximately $7.1 million from the Wells Fargo Armored Services Corporation, West Hartford, Connecticut, on September 12, 1983, and the subsequent interstate and foreign transportation of that money. After sentencing, the Government will move to dismiss with respect to the defendant, all other Counts of the Superseding Indictment in which the defendant was charged.

The United States further represents that the defendant shall not be subject to any federal prosecution in the District of Connecticut or the District of Puerto Rico based upon any of the false identification and passport documents found in the search of the defendant's Puerto Rico residence on or about February 7, 2008, following his arrest.

The defendant understands that if, before sentencing, he violates any term or condition of this agreement, engages in any criminal activity, or fails to appear for sentencing, the Government may void all or part of this agreement. If the agreement is voided in whole or in part, defendant will not be permitted to withdraw his plea of guilty.

## NO OTHER PROMISES

The defendant acknowledges that no other promises, agreements, or conditions have been entered into other than those disclosed to the Court in this proceeding, and none will be entered into unless set forth in writing, signed by all the parties.

This letter shall be presented to the Court, in open court, and filed in this case.

Very truly yours,

JOHN H. DURHAM
DEPUTY UNITED STATES ATTORNEY

HENRY K. KOPEL
Assistant United States Attorney

PAUL MCCONNELL
Assistant United States Attorney

The defendant certifies that he has read this plea agreement letter and its attachment(s) or has had it read or translated to him, that he has had ample time to discuss this agreement and its attachment(s) with counsel, and that he fully understands and accepts its terms.

_____  
AVELINO GONZALEZ-CLAUDIO  
The Defendant

Date 2/5/10

I have thoroughly read, reviewed, and explained this plea agreement and its attachment(s) to my client, who advises me that he understands and accepts its terms.

_____  
JAMES W. BERGENN, ESQ.  
Attorney for the Defendant

Date 2/5/10

_____  
MOIRA L. BUCKLEY, ESQ.  
Attorney for the Defendant

Date 2/5/10

## STIPULATION OF OFFENSE CONDUCT

The defendant AVELINO GONZALEZ-CLAUDIO and the United States stipulate and agree to the following offense conduct that gives rise to the defendant's agreement to plead guilty to Counts 12 and 16 of the Superseding Indictment:

The defendant specifically agrees and stipulates that, from on or about April 7, 1983, up to and including no later than April, 1984, he conspired and agreed with one or more other individuals, knowingly and wilfully to rob approximately $7,000,000 in United States currency from the Wells Fargo Armored Service Corporation, West Hartford, Connecticut, and to transport the stolen money from Connecticut to Mexico. The defendant specifically acknowledges that in furtherance of the conspiracy, he and other co-conspirators approved and authorized the robbery and the transportation of the stolen money, and that on March 27, 1984, he and other co-conspirators transported more than $5,000 of United States currency stolen from the Wells Fargo Armored Services Corporation from the United States into Mexico.

It is acknowledged by the United States that it does not claim as a matter of fact, and that its proof at trial would not establish, that the defendant directly participated in the September 12, 1983, Wells Fargo robbery, but rather that he and others approved and authorized the robbery as well as the movement of the stolen money. It is further acknowledged by the United States that its proof at trial would not establish that the defendant planned and authorized the robbery for personal monetary gain. Rather, the government's proof at trial would establish that the robbery was perpetrated to fund the activities of Los Macheteros.

The written stipulation above is incorporated into the preceding plea agreement. It is understood, however, that the defendant and the Government reserve their right to present additional relevant offense conduct to the attention of the Court in connection with sentencing.

_____
AVELINO GONZALEZ-CLAUDIO
The Defendant

_____
JAMES W. BERGENN, ESQ.
Attorney for the Defendant

_____
MOIRA L. BUCKLEY, ESQ.
Attorney for the Defendant

_____
HENRY K. KOPEL
Assistant United States Attorney

_____
PAUL MCCONNELL
Assistant United States Attorney